DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PAUL GARCIA,**

                **Plaintiff,**

                                        **CIVIL ACTION**

v.

                                        **No: 04-2307-KHV-DJW**

**SPRINT CORPORATION,**

                **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (doc. 43). Plaintiff seeks an order compelling defense witness Beth Forwalder to answer certain questions posed to her during her deposition. Also pending before the Court is Defendant's Motion to Strike or, in the Alternative, for Leave to File Sur-Reply (doc. 51) in opposition to the Motion to Compel. For the reasons set forth below, the Court will grant Defendant leave to file a sur-reply and deny the Motion to Compel.

**I.    Background Information**

This is an employment discrimination case. Plaintiff Paul Garcia alleges claims under Title VII of the Civil Rights Act of 1964, the Kansas Act Against Discrimination, and 42 U.S.C. § 1981.

On January 18, 2005, Plaintiff's counsel deposed Beth Forwalder. The deposition transcript indicates that the deposition was taken in the case captioned Dena Swackhammer v. Sprint Corporation PCS, No. 03-2548-CM-DJW. Ms. Forwalder was deposed about both the Swackhammer case and the instant case.

Ms. Swackhammer was Mr. Garcia's direct supervisor when they were both employed by Defendant. Like Mr. Garcia, Ms. Swackhammer alleges in her lawsuit that she was terminated from her employment with Defendant as a result of unlawful employment discrimination.

Ms. Forwalder is an in-house lawyer for Defendant. Her deposition testimony reveals that she acted as legal counsel to Defendant for purposes of providing legal advice to Defendant in connection with the investigations and the terminations of Ms. Swackhammer and Mr. Garcia. She also provided legal advice to Corporate Security who conducted the investigations and to the individual who made the decision to terminate their employment. Following the termination of Ms. Swackhammer and Mr. Garcia, Ms. Forwalder was responsible for defending the charges of discrimination that they filed with the Equal Employment Opportunity Commission. In addition, Ms. Forwalder has acted as legal counsel for Defendant in both the Swackhammer and Garcia cases.

Ms. Swackhammer and Mr. Garcia have been represented by the same attorney, Frank B. W. McCollum, in their respective lawsuits against Defendant. During Ms. Forwalder's deposition, Mr. McCollum posed numerous questions to her regarding the facts, claims, and defenses in both the Garcia and Swackhammer lawsuits. Defendant's counsel objected to a number of the questions and instructed Ms. Forwalder not to answer on the grounds that the information sought was attorney-client privileged. Plaintiff Garcia now moves for an order compelling Ms. Forwalder to answer twenty-six questions that she declined to answer on the basis of attorney-client privilege.

## II. Defendant's Motion to Strike or File Sur-Reply

Defendant argues that Plaintiff has improperly raised new arguments in his reply brief in support of the Motion to Compel. Defendant urges the Court to strike the reply. Alternatively, Defendant asks for

leave to file a sur-reply to respond to the new arguments. Defendant has attached the proposed sur-reply to its motion.

In the interest of fairness and to ensure that the Court has heard all of the arguments necessary to make an informed ruling, the Court will decline to strike the reply and will grant Defendant leave to file a sur-reply. As Defendant has provided the Court with the sur-reply by way of attaching it to the motion, the Court has had the opportunity to review the sur-reply. The Court will therefore not require Defendant to re-file or re-serve it.

### III.   Plaintiff's Motion to Compel

Defendant argues, as a threshold matter, that Plaintiff's Motion to Compel should be denied because it is untimely. It also argues that the motion should be denied because the deposition was taken only in the Swackhammer case, and not in the instant case involving Plaintiff Garcia.

The Court orally ruled at the Pretrial Conference held in this case on April 11, 2005 that the deposition was taken in both the Swackhammer and Garcia cases, pursuant to an agreement between the parties. The Court's ruling was based on the fact that Defendant's counsel, Elaine Koch, stated on the record at the deposition of Loren Proctor that counsel had "agreed that we will do the one deposition of Ms. Forwalder for both the Garcia and the Swackhammer cases, to be scheduled when it's mutually agreeable."[1] The Court also relied on the fact that the Pretrial Order entered in the Swackhammer case states that "[t]he parties have agreed that the deposition that remains to be taken, of Beth Forwalder, shall

---

[1] Depo. of Loren Procter, Ex. D. attached to Pl.'s Mot. to Compel (doc. 43).

be taken for purposes of this case and the case styled *Garcia v. Sprint*, Case No. 04-2307-GTV-DJW."[2] Thus, despite the fact that the deposition transcript reflects only the caption of the Swackhammer case, the Court found that the deposition was taken in both the Swackhammer and Garcia cases. Thus, at the Pretrial Conference the Court declined to deny the Motion to Compel on the basis that it was not taken in this case.

The Court also orally ruled at the April 11, 2005 Pretrial Conference that the Motion to Compel was timely filed. The deposition was taken on January 18, 2005. The Motion to Compel was filed on February 24, 2005, within the thirty-day window for filing motions to compel.[3] Thus, the Court also declined to deny the Motion to Compel on the basis that it was untimely filed.

With those preliminary rulings already made, the Court will now turn to the merits of the Motion to Compel and determine whether the assertion of the attorney-client privilege in response to the twenty-six questions was proper.

Federal Rule of Evidence 501 provides that "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience."[4] The attorney-client privilege is the oldest of the privileges for confidential

---

[2] Pretrial Order in Swackhammer v. Sprint Corporation PCS, Case No. 03-2548-CM-DJW (doc. 119), ¶13 at p. 13.

[3] *See* D. Kan. Rule 37.1 (any motion to compel discovery shall be filed within thirty days of the answer or objection that is the subject of the motion; otherwise the objection to the answer or objection "shall be waived"); Dec. 7, 2004 Scheduling Order (doc. 26), ¶ 3.e (same).

[4] Fed. R. Evid. 501.

communications known to the common law.[5]  The purpose of the privilege is "to encourage full and frank communications between attorneys and their clients and, thereby, promote broader public interests in the observance of law and administration of justice."[6]  "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client."[7]

When a corporation asserts the privilege, the concept of "client" is more complicated because the corporation cannot act except through agents.[8]  The Supreme Court has recognized that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[9]  Corporate counsel must be able to obtain information from multiple levels of the corporation in order to adequately address legal problems of the corporate client.[10]  The Supreme Court therefore rejected the previous narrow scope afforded the attorney-client privilege in the corporate context in favor of a more flexible approach, and application of the attorney-client privilege must be determined on a case-by-case basis.[11]

---

[5]*Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981) (citing 8 J Wigmore, Evidence § 2290 (McNaughton rev. 1961)).

[6]*Id.*

[7]*Id.*

[8]*Id.* at 389-90.

[9]*Id.* at 390 (citations omitted).

[10]*Boyer v. Bd. of County Comm'rs of County of Johnson*, 162 F.R.D. 687, 689 (D. Kan. 1995).

[11]*See Upjohn,* 449 U.S. at 392-394.

In determining whether the attorney-client privilege applies to the deposition questions that were posed to Defendant's in-house counsel, the Court must consider both federal and Kansas law regarding the privilege, since both federal and state law claims are asserted in this case.[12] The elements of the privilege are virtually identical under both federal and Kansas law.[13] Thus, whether the court applies federal or Kansas law will make no difference in determining whether the attorney-client privilege applies.[14]

Under Kansas law, the essential elements of the attorney-client privilege are:

(1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.[15]

Similarly, the essential elements of the privilege under federal common law are:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.[16]

---

[12]*See Sprague v. Thorn Americas, Inc.,* 129 F.3d, 1355, 1368-69 (10th Cir. 1997) (applying federal privilege law to the plaintiffs' Title VII and Equal Pay Act claims and Kansas privilege law to the plaintiff's Kansas Act Against Discrimination claims).

[13]*See Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 618 n.1 (D. Kan. 2001) (citations omitted) (recognizing the absence of conflict between federal and Kansas attorney-client privilege law).

[14]*See id.; Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau,* 150 F.R.D. 193, 196 n.3 (D. Kan.1993) (citing K.S.A. 60-426; *Wallace, Saunders, Austin, Brown & Enochs, Chtd. v. Louisburg Grain Co.,* 250 Kan. 54, 824 P.2d 933 (1992)).

[15]*State v. Maxwell,* 10 Kan. App. 2d 62, 63, 691 P.2d 1316 (1984) (citation omitted).

[16]*Great Plains,* 150 F.R.D. at 196 n.4.

Under both Kansas and federal law, the attorney-client privilege protects confidential communications made by a client to an attorney in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor.[17]  Under both laws, the term "communications" includes not only the advice given by the attorney in the course of representing the client,[18] but also any disclosures by the client to the attorney or to the attorney' representative or employee incidental to the professional relationship.[19]  The attorney-client privilege, however, does not protect *facts*, as distinguished from *communications*.[20]

The Court has carefully reviewed each of the twenty-six questions at issue under these rules and has determined that the elements of the attorney-client privilege have been satisfied as to each.  Through the questions posed, Plaintiffs' counsel sought to discover what Defendant's personnel told Defendant's in-house counsel in seeking her legal advice regarding both the Swackhammer and Garcia cases.  The questions at issue go beyond inquiring about mere facts, and require Ms. Forwalder to disclose her opinions, mental impressions, and legal conclusions with respect to the facts that she gained in confidence from her client.  As the attorney-client privilege bars disclosure of the requested information, the Court must deny the Motion to Compel.

---

[17] *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 632 (D. Kan. 2000); *Marten v. Yellow Freight Syst., Inc.*, No. Civ. A. 96-2013-GTV, 1998 WL 13244, at *6 (D. Kan. Jan. 6, 1998).

[18] *Simmons Foods,* 191 F.R.D. at 632*; Marten,* 1998 WL13244, at *6.  *See also* K.S.A. 60-426(c)(2).

[19] *Simmons Foods*, 191 F.R.D. at 632; *Marten,* 1998 WL 13244, at *6.  *See also* K.S.A. 60-426(c)(2).

[20] *Upjohn*, 449 U.S. at 389.

## IV.     Sanctions

Plaintiff seeks to recover the reasonable attorney fees and expenses he incurred in connection with the filing of the Motion to Compel. As the Court has denied the Motion to Compel in its entirety, the Court must also deny Plaintiff's request for fees and expenses.

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(B), where the motion to compel is denied, the Court may require the moving party or the attorney filing the motion, or both of them, to pay the party opposing the motion the reasonable expenses and fees the party incurred in opposing the motion. The Court, however, is not required to impose such sanctions if the Court finds that the making of the motion was "substantially justified."[21]

Here, the Court finds that Plaintiff's Motion to Compel was substantially justified and that the imposition of sanctions under Rule 37(a)(4)(B) would not be appropriate. Accordingly, each party shall bear his/its own fees and expenses incurred in connection with the Motion to Compel.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike or, in the Alternative, for Leave to File Sur-Reply (doc. 51) is denied to the extent that Defendant moves the Court to strike Plaintiff's reply, but granted to the extent Defendant seeks leave to file a sur-reply. The sur-reply attached as an exhibit to Defendant's Motion is hereby deemed a part of the Court record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (doc. 43) is denied.

**IT IS FURTHER ORDERED** that each party shall bear his/its own expenses and attorney fees incurred in connection with the Motion to Compel.

**IT IS SO ORDERED**.

---

[21]Fed. R. Civ. P. 37(a)(4)(B).

Dated in Kansas City, Kansas on this 15th day of July, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties